# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK M. HERNANDEZ,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:11-cv-00337-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court following initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") of the petition (#4) as well as on petitioner's motion (#5) for appointment of counsel.

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require."  The decision to appoint counsel lies within the discretion of the court.  Absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation.  *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).  In the present case, taking into account the issues presented and petitioner's ability to articulate his requests for relief, the Court does not find that the interests of justice require the appointment of counsel at this juncture.

Turning to initial review, while the petition potentially is subject to a number of defenses, it would appear that any issues regarding any applicable procedural defenses would be most efficiently resolved following a response by respondents. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the petition and which are entered pursuant to Habeas Rule 4.** The Court in particular wishes to resolve any timeliness and procedural default issues first prior to addressing whether any claims that may remain are exhausted, sufficiently stated, and/or present cognizable federal claims.

IT THEREFORE IS ORDERED that the Clerk of Court shell effect informal electronic service upon respondents by, as per the Clerk's current practice for such matters, adding the Nevada Attorney General as counsel for respondents and directing a notice of electronic filing of this order to her office together with attachments of ## 4 & 5.

IT FURTHER IS ORDERED that, given the lengthy petition, respondents shall have sixty (60) days from entry of this order within which to answer, or otherwise respond to, the petition, including by motion to dismiss.

IT FURTHER IS ORDERED that, given the potential issues presented, and further pursuant to Habeas Rule 4, respondents shall present their defenses in this case in accordance with the following order:

(1) any timeliness issues under 28 U.S.C. § 2244(d)(1) and procedural default issues – if any – raised by respondents shall be raised together first in a separate motion to dismiss without other defenses;

(2) if no such issues are raised or following the resolution of same, all other procedural defenses – if any – raised by respondents, including lack of exhaustion, failure to state a sufficiently specific claim, and failure to state a cognizable federal claim, shall be raised together in a single additional motion to dismiss; and

(3) if an answer is filed, the answer shall address only merits defenses and shall specifically cite to and address the applicable state court written

decision and state court record materials, if any, regarding each claim within the argument as to that claim.

Respondents shall not be deemed to have waived any defenses by addressing the issues in the order directed herein. The Court does not wish to entertain any merits issues in this case in a response that combines both procedural defenses and merits defenses, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. The Court may modify the order in which issues and/or claims are considered as the case proceeds forward.

IT FURTHER IS ORDERED that, with any motion to dismiss or answer filed, respondents shall file copies of all state court record materials – even if already filed by petitioner at #6 – that are relevant and material to the procedural defenses asserted therein and/or to consideration of the merits of the petitioner's claims as to which dismissal is sought on the merits, including, but not limited to, any items listed in Rule 5(d) of the Rules Governing Section 2254 Cases.

IT FURTHER IS ORDERED that any state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. **The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Las Vegas, to the attention of: "P3."**

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition. The deadline established by this order shall override any shorter deadline in a minute order issued pursuant to the *Klingele* decision.

DATED: This   25th   day of July, 2011.

_____
ROBERT C. JONES
Chief United States District Judge