# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK M. HERNANDEZ,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents.*

3:11-cv-00337-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' (#10) to dismiss and motion (#20) to strike. In the motion to dismiss, respondents contend: (a) that the petition is time-barred under the federal one-year limitation period in 28 U.S.C. § 2244(d)(1); and (b) that all of the claims presented are procedurally defaulted.

## *Background*

Petitioner Frank Hernandez challenges two judgments of conviction (from the same court), pursuant to guilty pleas, for attempted robbery in No. 31183 and for battery by a prisoner in lawful custody or confinement in No. 31649 as well as his adjudication as a habitual criminal as to each offense. He is serving two consecutive life terms with the possibility of parole after ten years on each life sentence.[1]

On October 17, 2007, the Supreme Court of Nevada affirmed on direct appeal in consolidated appeals. However, the state high court noted a clerical error in the judgment of conviction in No. 31649. That judgment referred to the habitual criminal count being a

---

[1] #12, Exhs. 41 & 41.

1  violation of N.R.S. 207.012 when Hernandez instead had been charged and adjudicated a
2  habitual criminal under N.R.S. 207.010. The court directed the state district court to correct
3  this clerical error following the issuance of the remittitur.[2]

4      On November 27, 2007, after the remittitur had been issued, the state district court
5  entered an amended judgment in No. 31649 that corrected the clerical error identified by the
6  state supreme court.[3]

7      Petitioner had been represented by appointed, not retained, counsel in the state district
8  court and on the direct appeal.[4]

9      Thereafter, over two-and-a-half years passed with no papers being filed, in any court.

10      On or about May 24, 2010, Hernandez mailed a motion to amend the two judgments
11  to include credit for time served to the state district court clerk for filing. The motion was
12  submitted by Hernandez himself, "in propria personam," without counsel. The state district
13  court granted the motion as to No. 31183 but denied the motion as to No. 31649. A "second
14  amended judgment of conviction" was filed on August 3, 2010, in No. 31183.[5]

15      Meanwhile, according to the materials that petitioner presented to the state courts,
16  Hernandez wrote a letter to his former criminal defense counsel, Martin Crowley, dated May
17  24, 2010. The handwritten letter read as follows:

> I have just returned to Ely [State Prison] from federal court down south, and I figured I'd try to contact you again. I have just filed a motion to receive my jail time credits the Judge didn't give me, so hopefully that will go my way.
>
> I do have a favor to ask of you. When you sent me the decision of the Nevada Supreme Court you said to let you know if I wanted you to file my withdraw [sic] of plea. I replied yes, I would appreciate you doing that, but I have never heard back from you on that.

---

[2] #13, Ex. 58.

[3] #13, Ex. 60.

[4] See, e.g., #11, Ex. 11.

[5] See #13, Exhs. 61 (see electronic docketing pages 8 & 9), 63 & 67. On the record presented, the amended judgment would appear to have been the first amended judgment in No. 31183.

> I really need your help now. I mailed you 3 - 4 letters since coming back from federal court in California asking for a result of that motion so I may proceed. I can not move forward without knowing what you have, and have not done. If you did not file the withdraw of plea, it would help me to know that, and also why. *That will help me fight the time bars.* I need your help. *At least help me by stating you offered to file the withdraw of plea.* <u>Please</u>.
>
> You know as well as I do my sentence being consecutive habitual sentences is illegal under N.R.S. 207-010 Carr v. State 1980, *but I need you now to fight my time bars since you apparently didn't file my withdraw of plea*. I don't know why you didn't, but after being gone in California for 11 months, then going down south for court again, *I am way past my 1 year for appeals.*
>
> I don't mean to accuse, but only to give reason why you should help me now. All I ask is for you to help me by sending a letter telling me if you filed my withdraw of plea or not. And if not why you didn't.

See #13, Ex. 76, at electronic docketing pages 34-35 (double-underline emphasis in original; italic emphasis added).

According to the materials that petitioner presented to the state courts, Crowley responded in a letter dated May 28, 2010. The letter read as follows in pertinent part:

> I am in receipt of your recent correspondence.
>
> With regard to never hearing back from me, enclosed is a copy of the letter we sent to you on November 23, 2007. I have not filed any further documents on your behalf because my representation of you ended with the Supreme Court's decision on your appeal. It was also my understanding that your federal public defender [vis-à-vis petitioner's then-pending federal criminal charges] was working to assist you.
>
> I am not sure what remedies are available to you at this point, but I hope this is clarifying for you.

#13, Ex. 76, at electronic docketing page 37.

According to the materials presented to the state courts, the enclosed November 23, 2007, letter from Crowley read as follows in pertinent part:

> I am in receipt of your recent correspondence. To answer your question about how far I can go, I was only appointed to represent you on your appeal, and am no longer your attorney.
>
> A motion to withdraw plea is not the same as a petition for

> writ of habeas corpus. The law library should have the forms you need for either pleading. If not, you can submit either a handwritten motion or a handwritten petition, along with an affidavit that you cannot afford counsel, and the court should appoint an attorney to represent you.

#13, Ex. 76, at electronic docketing page 36.

On July 19, 2010, the state district court clerk filed a *pro se* state post-conviction petition by Hernandez. The state district court dismissed the petition as untimely, and the Supreme Court of Nevada affirmed on March 18, 2011.[6] The state supreme court observed as follows regarding petitioner's arguments to demonstrate cause to overcome the procedural bar:

> In an attempt to demonstrate cause, appellant claimed that he believed that counsel was pursuing a motion to withdraw a guilty plea on his behalf and that he was transferred between state and federal custody which made it difficult to pursue post-conviction relief. Appellant failed to demonstrate an impediment external to the defense. See Hathaway v. State, 119 Nev. 248, 252, 71 P.2d 503, 506 (2003). Appellant could have filed his post-conviction petition for a writ of habeas corpus while counsel was pursuing the motion to withdraw his plea. Further, appellant failed to allege how his stay in federal custody prevented him from pursuing a post-conviction petition for a writ of habeas corpus. Therefore, the district court did not err in denying the petition. . . . .

#13, Ex. 77, at 1–2.

Petitioner mailed the present federal petition for filing on or about April 29, 2011.[7]

### *Timeliness*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or

---

[6] #13, Exhs. 65, 70 & 77.

[7] See #1, at 4 (lower left corner); #1-2, at electronic docketing page 25 (signature and verification); #1-3, at 4 (verification and certificate of service).

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S.___, ___, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

### *Calculation of the Federal Limitation Period*

Under § 2244(d)(1)(A), the federal limitation period began running as to both judgments after the time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on Tuesday, January 15, 2008.[8] Accordingly, absent delayed accrual or tolling, the federal limitation period would expire one year later, on January 15, 2009.

Petitioner's untimely state post-conviction petition did not statutorily toll the federal limitation period under § 2244(d)(2) because an untimely state petition was not "properly filed" for purposes of that provision. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Accordingly, absent delayed accrual or other tolling, the federal limitation period in this case expired on January 15, 2009.

---

[8]Even if the Court were to look to the November 27, 2007, entry date of the amended judgment of conviction in No. 31649, in determining the conclusion of direct review as to that judgment, the time period to appeal that amended judgment expired on Thursday, December 27, 2007, prior to the expiration of the period for seeking *certiorari* review.

Petitioner did not mail the federal petition in this matter until April 29, 2011, over two years after the federal limitation period had expired, absent delayed accrual or tolling. The petition therefore is untimely on its face.

***Equitable Tolling***

In a conclusory, unsworn response, petitioner maintains that the federal limitation period should be tolled "due to the length of time spent in federal custody" after his state sentencing and because his criminal defense counsel allegedly told him that he would file a motion to withdraw his plea after the conclusion of the direct appeal proceedings.

Petitioner presents no specific facts that would tend to establish a viable basis for equitable tolling due to being held in federal custody on other charges following his conviction in state court. He states conclusorily that he did not have access to the proper legal material. Such conclusory assertions do not present specific facts tending to carry petitioner's burden of establishing that being in federal custody constituted an extraordinary circumstance standing in the way of a timely filing of a federal petition. Inmates and detainees frequently file habeas petitions in this Court while in federal custody in other states. If they do not use the correct form, the Court sends them the proper form and gives them an opportunity to amend, without dismissing a timely-filed action. Petitioner's conclusory assertions do not tend to establish that being in federal custody in California, in and of itself, stood in the way of a diligent petitioner filing a timely federal, or state, petition.

Petitioner similarly fails to present specific facts that would tend to establish a viable basis for equitable tolling based upon his appointed criminal defense counsel allegedly not pursuing a motion to withdraw his plea after the convictions were affirmed on appeal. This conclusion holds true even taking petitioner's *post hoc* May 24, 2010, letter at face value.

Under established law, ordinary attorney negligence will not justify equitable tolling, and the petitioner instead must demonstrate egregious and atypical behavior by counsel constituting an extraordinary circumstance standing in the way of a timely filing. *Spitsyn*, 345 F.3d at 800. In *Spitsyn*, for example, the attorney was hired by the petitioner's mother and paid specifically to file a federal habeas petition, which had to be filed approximately a year

later. Counsel unquestionably undertook the representation to file a federal habeas petition. Thereafter, the attorney failed to respond to inquiries from the petitioner and his mother. They filed a grievance with the state bar, which ultimately reprimanded the attorney. Counsel did not contact the petitioner and his mother until after the federal filing deadline had passed, and thereafter he still delayed in returning the file.

In the present case, in contrast, even under petitioner's *post hoc* version of the events, counsel never made a statement to Hernandez stating that he in fact would pursue and thereafter was pursuing a motion to withdraw his plea. Although petitioner maintains that the communications were by letter, petitioner has no contemporaneous letter from counsel stating that he was going to file a motion to withdraw plea. Petitioner instead sought an after-the-fact admission by counsel to this effect with his May 24, 2010, letter. He had to do so because, indisputably, there *was* no contemporaneous letter from counsel stating that he was pursuing such a motion. Despite receiving no response from counsel in 2007 stating that he was pursuing the motion, and despite allegedly receiving no response to alleged "3 - 4" subsequent inquiries, petitioner thereafter never sought intervention from a court or the bar. Nor did he request a status check from the state court. He did neither, over a more than two-and-a-half year period.

Such facts would not provide a basis for an objectively reasonable belief that counsel was pursuing a motion to withdraw the plea despite the lack of any response stating that he was. Nor would such facts show reasonable diligence or inquiry by petitioner after he received no response from counsel. Indeed, the fact that petitioner filed a state court motion on a different issue *pro se* even as he wrote the May 24, 2010, letter would suggest that he did not even subjectively believe that he was represented by counsel in the case. He clearly had no objectively reasonable basis for so believing, given the lack of any actual statement by counsel -- ever -- responding that he in fact was pursuing a motion to withdraw the plea.

The Court accordingly holds that petitioner has failed to present alleged facts tending to demonstrate a potentially viable basis for equitable tolling. He thus does not provide a basis for an evidentiary hearing in connection with same.

### *Procedural Default*

As an alternative and independent ground for dismissal of the federal petition, the Court holds that the claims presented are procedurally defaulted.

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See,e.g.,Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)*; Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

Petitioner relies upon alleged ineffective assistance of counsel as cause for his failure to file a timely state post-conviction petition. However, as the Supreme Court of Nevada decision suggests, even taking petitioner's claim at face value that he was relying on his criminal defense counsel to file a motion to withdraw guilty plea, that alleged circumstance does not justify his failure to file a timely state petition. Under N.R.S. 34.726(1), petitioner had one year after the issuance of the remittitur on his direct appeal to file a state post-conviction petition. There is no provision in the statute for tolling the state limitations period during the pendency of a motion to withdraw guilty plea. One has nothing to do with the other with regard to the running of the state limitations period. Petitioner allegedly was relying on his criminal defense counsel to file *a motion to withdraw guilty plea*, not a state post-conviction

petition. His alleged reliance upon any representation by counsel with regard to the filing of a motion to withdraw the plea provided no cause whatsoever for petitioner's failure to file a timely state petition. Nothing counsel did or failed to do impeded petitioner's filing of a timely petition. He thus cannot establish cause on this basis, even accepting his account on its face.

Petitioner further relies upon his being in federal custody as cause. However, petitioner's conclusory assertions do not present specific facts tending to carry his burden of establishing that an external and objective factor prevented him from filing a timely state petition while in federal custody. It is not an uncommon occurrence for inmates incarcerated in other states, whether in federal or state custody, to pursue state post-conviction remedies in Nevada. Merely being in federal custody in another state, in and of itself, does not preclude a diligent petitioner from seeking state post-conviction relief in Nevada state court.

Petitioner suggests that the failure to consider his claims would result in a fundamental miscarriage of justice. However, this exception is limited to claims of actual innocence. *See, e.g., Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008). A petitioner who asserts only constitutional claims without establishing actual innocence under the narrow gateway required to establish such a claim fails to satisfy the standard for the miscarriage of justice exception. 541 F.3d at 937. Petition has not even begun to shoulder his burden of demonstrating actual innocence under the demanding standard for such claims.

Petitioner does not present any argument challenging respondents' argument in the motion to dismiss that the specific claims presented in the federal petition were procedurally barred by the state courts. Accordingly, pursuant to Local Rule LR 7-2(d), by failing to respond to respondents' argument as to the application of the procedural bar to the specific claims, petitioner has consented to the grant of the motion on this basis as to the claims if his arguments as to the application of the procedural default doctrine itself are rejected.[9]

The Court accordingly holds that petitioner's claims are procedurally defaulted.

---

[9] *See, e.g., Wrzesinksi v. Wells Fargo Bank, N.A.*, 2011 WL 2413843, at *1 (D. Nev. June 10, 2011); *Harvey v. Washington Mutual Bank, F.A.*, 2011 WL 2415189, at *1 (D. Nev., June 10, 2011); *Flynn v. Liner Grode Stein, etc.*, 2010 WL 4121886, at *7 (D. Nev., Oct. 15, 2010).

1    IT THEREFORE IS ORDERED that respondents' motion (#10) to dismiss is GRANTED
2 and that the petition shall be DISMISSED with prejudice, both for untimeliness and under the
3 procedural default doctrine.
4    IT FURTHER IS ORDERED that respondents' motion (#20) to strike is GRANTED and
5 that the filing at #19 shall be STRICKEN. Petitioner may not file an in effect surreply after
6 respondents have filed their reply. Nothing in the stricken filing in any event would lead to a
7 contrary conclusion either with regard to untimeliness or procedural default.
8    IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of
9 reason would not find it debatable whether the district court was correct in its dismissal of the
10 petition as time-barred and/or on the basis of procedural default.
11    The Clerk of Court shall enter final judgment accordingly, in favor of respondents and
12 against petitioner, dismissing this action with prejudice.
13    DATED: This 14th day of March, 2012.

_____
ROBERT C. JONES
Chief United States District Judge